**Felix HIGHTOWER, Petitioner—Appellant,**

**v.**

**Joseph L. MCGRATH, Warden, Respondent—Appellee.**

No. 06–16022.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 1, 2007.

Felix Hightower, Crecent City, CA, pro se.

Walter K. Pyle, Esq., Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Petitioner–Appellant.

Catherine A. Rivlin, Esq., AGCA–Office of the California Attorney General, Oakland, CA, for Respondent–Appellee.

Before: ROTH,* THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Felix Hightower appeals the district court's denial of his petition for writ of habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

**I**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant a writ of habeas corpus challenging a state conviction on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim

---

* The Honorable Jane Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413, 120 S.Ct. 1495.

Under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary" and a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). On habeas review, a state trial court's findings regarding juror fitness are entitled to "special deference." *Perez v. Marshall*, 119 F.3d 1422, 1426 (9th Cir. 1997).

In conducting review of a state court decision, we "look to the last reasoned state-court decision." *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir.2003). Because the Supreme Court of California declined review of Mr. Hightower's case, we review the California Court of Appeal's decision.

## II

The district court did not err in denying habeas relief on Hightower's claim that the state trial court's investigation of juror misconduct was overly intrusive in violation of his right to trial by jury. The record supports the California Court of Appeal's conclusion that the trial court's investigation was a proper exercise of its authority under California law. After a careful review of the record, we cannot say that the state court's factual determination that the juror was unwilling to deliberate and had been asleep during portions of the trial was objectively unreasonable in light of the evidence presented in the state court proceeding.

The removal of the lone holdout juror does give rise to concern and, under certain circumstances, it has warranted the grant of habeas relief. *Sanders v. Lamarque*, 357 F.3d 943, 944 (9th Cir.2004). But the fact that a trial judge knows that a juror is a lone holdout does not, by itself, invalidate the decision to excuse the juror for cause. *Perez v. Marshall*, 119 F.3d 1422, 1427 (9th Cir.1997). Here, in view of the record, we cannot say that the state court unreasonably applied Supreme Court precedent in reaching its conclusions. Therefore, federal habeas relief is not warranted.

**AFFIRMED.**